O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-839 PSG (FMOx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | Sheena Pascascio v. New Century Mortgage Corp., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**     (In Chambers) Order Denying Plaintiff's *Ex Parte* Request for a Temporary Restraining Order

Before the Court is *pro se* Plaintiff Sheena Pascascio's ex parte application for a temporary restraining order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the application, the Court DENIES the application.

I.     Background

On January 31, 2012, Plaintiff Sheena Pascascio ("Plaintiff") brought an action for fraud and quiet title against Defendants New Century Mortgage Company ("New Century"), Western Progressive LLC ("Western Progressive"), Christina Carter, Nathan Sands, Deutsche Bank National Trust Company ("Deutsche"), and Mortgage Electronic Registration Systems Inc. ("MERS") (collectively, "Defendants"), arising from the purportedly wrongful foreclosure of her home. *See* Dkt. # 1. Plaintiff claims she was fraudulently induced into executing the Note and Deed of Trust, and that Defendants conducted an illegal trustee's sale due to defects in the foreclosure process. *See Compl.*

On October 16, 2006, Plaintiff refinanced the Property by obtaining a $461,250.00 loan from New Century Mortgage Corporation secured by a Note and a Deed of Trust against the Property. *See Compl.*, Ex. A. Plaintiff subsequently became delinquent on her payments and Western Progressive, in its capacity as Trustee, recorded a notice of default and election to sell under deed of trust on January 4, 2011. *See id.*, Ex. D. The notice of default indicates that Plaintiff stopped making payments on May 1, 2010 and was in arrears in the amount of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-839 PSG (FMOx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | Sheena Pascascio v. New Century Mortgage Corp., *et al.* | | |

$39,414.95 as of January 2, 2011. *See id.*, Ex. D. When Plaintiff did not cure her arrearage, a notice of trustee's sale was recorded on April 13, 2011. *See* RJN, Ex. 4. Plaintiff then filed a voluntary petition for bankruptcy in the Central District on May 5, 2011, which was terminated on August 30, 2011. *See* RJN, Ex. 1. A trustee's deed upon sale was recorded on October 13, 2011, evidencing that the property had been sold to Deutsche on September 28, 2011. *See Compl.*, Ex. E.

Over four months later, Plaintiff filed this case. *See* Dkt. # 1. Plaintiff did not prosecute the action beyond filing an improper First Amended Complaint ("FAC") on April 10, 2012, in lieu of opposing Defendants' motion to dismiss. *See* Dkt. # 11, 14. Like the original Complaint, the FAC states claims for quiet title, fraud, and wrongful foreclosure. *See* Dkt. # 14. Defendants filed a second motion to dismiss the FAC on May 4, 2012. *See* Dkt. # 17. Plaintiff now seeks ex parte relief for a temporary restraining order. *See* Dkt. # 23.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit. In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

Plaintiff's ex parte application fails because she has not shown she is without fault in creating the crisis, if any, that requires ex parte relief. Plaintiff knew of Defendants' election to sell the property over a year ago when she received the notice of trustee's sale on April 13, 2011. The Court also notes that although the trustee's sale took place on September 28, 2011, Plaintiff waited four months before filing the present lawsuit. Moreover, in the three month span between filing her original Complaint and this application for ex parte relief, Plaintiff's action in the case was limited to filing an improper First Amended Complaint in response to Defendants' motion to dismiss. Plaintiff offers no explanation for her dilatory conduct and failure to pursue her rights prior to this "emergency" application for a temporary restraining order.

Second, even if the court were to excuse the delay, Plaintiff does not allege an actual emergency or meaningfully explain why her cause will be irreparably prejudiced if heard

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-839 PSG (FMOx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | Sheena Pascascio v. New Century Mortgage Corp., *et al.* | | |

according to regular noticed motion procedures. Indeed, the relief Plaintiff hopes to obtain via an injunction or temporary restraining order is unclear. In her prayer, Plaintiff asks only that Defendants be restrained "from further encroachment of the subject matter 'Real Property,'" and that the Court issue an order "requiring Defendants to show cause...why they should not be enjoined as hereinafter set forth." However, nothing further is set forth, and, as the Court has already noted, the trustee's sale took place over four months before Plaintiff filed suit.

Plaintiff does argue that she "is likely to suffer irreparable harm if the foreclosure sale is allowed to stand, and subsequent Unlawful Detainer advances." *See Ex Parte App.*, 5:12-14. But there is no allegation in the Complaint, the FAC, or Plaintiff's supporting documentation that an unlawful detainer has been filed. In any event, were the court to assume that an unlawful detainer is pending and presents a likelihood of irreparable injury, the ex parte application would still fail on the merits because Plaintiff has not shown a likelihood that she will succeed on her quiet title and wrongful foreclosure claims. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Serv.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) (holding that the standard for issuing a temporary restraining order requires that the moving party show "(1) a probability of success on the merits, and (2) the possibility of irreparable injury should the restraining order not issue").

The factual basis for Plaintiff's application rests on her assertion that "it appears likely" that defendants did not comply with California Civil Code Section 2923.5(a)(2)'s requirement that a "mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" at least 30 days prior to filing a notice of default. *See Ex Parte App.* 4:20-26. Plaintiff also contends that she "rescinded" the notice of default. *See id.*, Ex. D.

With respect to section 2923.5, Plaintiff's own authority, *Mabry v. Sup. Ct.*, 185 Cal. App. 4th 208, 214, 221, 110 Cal. Rptr. 3d 201 (2010), makes clear that the *exclusive* "remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more," Plaintiff's "right of action is limited to obtaining a postponement of an *impending* foreclosure to permit the lender to comply with section 2923.5," and that "nothing in section 2923.5 [] even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale." Because the sale took place months ago and noncompliance does not affect the validity of title after a sale has taken place, Plaintiff has no likelihood of succeeding on the merits of her quiet title or wrongful foreclosure claims on this basis.

Likewise, the document attached to Plaintiff's application purporting to "rescind" the notice of default provides no basis for relief. As the defaulting Trustor, Plaintiff had no

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-839 PSG (FMOx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | Sheena Pascascio v. New Century Mortgage Corp., *et al.* | | |

authority to sua sponte rescind the notice of default recorded against her by the Trustee on January 4, 2011. *See Ex Parte Application*, Ex. D. Finally, under California law, a party seeking to set aside a foreclosure or trustee's sale must make a "valid and viable tender of payment of the indebtedness owning." *Castle v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 3626560, at *11 (C.D. Cal. Aug. 16, 2011) (citing, *inter alia*, *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117-18, 92 Cal. Rptr. 851 (1971)). Plaintiff nowhere alleges an ability to tender the amount owed on her loan.

In sum, Plaintiff fails to demonstrate both that an emergency not of her own making justifies ex parte relief and that her probable success on the merits warrants issuance of a temporary restraining order. *See Cal. Indep. Sys.*, 181 F. Supp. 2d at 1126.

IV.  Conclusion

Based on the foregoing, the Court DENIES Plaintiff's ex parte application for a temporary restraining order.

**IT IS SO ORDERED.**